1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11   IRON WORKERS DISTRICT COUNCIL | CASE NO. 09cv2071 WQH (RBB) |
| 12   OF SOUTHERN OHIO AND VICINITY BENEFIT TRUST; IRON WORKERS | **AMENDED ORDER** |
| 13   DISTRICT COUNCIL OF SOUTHERN OHIO AND VICINITY PENSION | |
| 14   TRUST; IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO AND | |
| 15   VICINITY ANNUITY TRUST, | |
| 16                                  Plaintiffs, | |
| 17           vs. | |
| 18   FRANK MICHAEL COIT, an individual and doing business as Lone Star Development, | |
| 19                                  Defendant. | |

20

HAYES, Judge:

The matter before the Court is Plaintiffs' Motion for Default Judgment. (Doc. # 12).

**BACKGROUND**

On September 22, 2009, Plaintiffs Iron Workers District Council of Southern Ohio and Vicinity Benefit Trust,  Iron Workers District Council of Southern Ohio and Vicinity Pension Trust, and Iron Workers District Council of Southern Ohio and Vicinity Annuity Trust (collectively the "Trust Funds") initiated this action by filing their complaint. (Doc. # 1).  The complaint alleges Defendant Frank Michael Coit, doing business as Lone Star Development ("Lone Star"), failed to pay contributions to Plaintiffs pursuant to three Trust Agreements. *Id.*

at 2-3.  The complaint alleges Coit and Lone Star Development, formerly a corporation, are alter-egos of one another and that Coit is therefore liable for the business's failure to pay these contributions. *Id.* at 8-9.   The complaint alleges four claims: (1) breach of a collective bargaining agreement with Iron Workers Local 22, which required Coit to adhere to the Trust Agreements with Plaintiffs; (2) breach of the Trust Agreements; (3) violation of the Employee Retirement Income Security Act ("ERISA"); and (4) "damages for alter ego violations establishing liability for Defendant." *Id.* at 9-11. Plaintiffs seek $86,685.89 in actual damages for Defendant's failure to pay the trust fund, liquidated damages, interest, in addition to attorney's fees and costs. *Id.* at 12.  On October 7, 2009, the Trust Funds served Coit.  (Doc. # 4 at 2).  Coit failed to file an answer to the complaint.  On November 2, 2009, the Trust Funds requested an entry of default. (Doc. # 5).  On November 3, 2009, the Clerk of the Court entered default against Coit.  (Doc. # 6).  On January 26, 2009, the Court issued an Order to Show Cause as to why this case should not be dismissed for failure to timely move for default judgment.  (Doc. # 7).  The order permitted the Trust Funds to move for default judgment within thirty days. *Id.* at 2.

On February 2, 2010, the Trust Funds filed their first Motion for Default Judgment. (Doc. # 8).   On April 27, 2010, the Court denied the motion without prejudice.  (Doc. # 11). The Court held that the factual allegations of the complaint were sufficient to sustain the causes of action pleaded in the complaint, but the Trust Funds had failed to establish damages by a preponderance of the evidence because of errors in the calculations presented to the Court and failure to provide sufficient evidence of attorney's fees. *Id.* at 6.  The Court allowed the Trust Funds to file an amended Motion for Default Judgment within thirty days. *Id.* at 7.  On May 24, 2010, the Trust Funds filed their current Motion for Default Judgment.  (Doc. # 12).

## ALLEGATIONS OF THE COMPLAINT

Coit is the owner and operator of Lone Star, a commercial construction business. (Doc. # 1 at 3).  Although Lone Star "was previously organized and existed as a corporation under the laws of the State of California, its corporate status has been suspended" and Coit now operates it as a sole proprietorship. *Id.*  Lone Star's principal place of business is in El Cajon,

California, within this Court's jurisdiction.  *Id.*  Coit is an employer in an industry affecting commerce pursuant to ERISA and the Labor Management Relations Act ("LMRA").  *Id.*  Coit is "responsible for running the day-to-day operations and is responsible for all decisions pertaining to contributions to the Trust Funds, including decisions whether or not to pay such contributions." *Id.*

"Coit, through Lone Star, is bound to the terms" of a collective bargaining agreement with the Iron Workers Local 22, a union in Indianapolis, Indiana, which is affiliated with the International Association of Bridge, Structural, and Ornamental Iron Workers.  *Id.* at 4.  The bargaining agreement, along with trust agreements with each of the Trust Funds, required Coit to "file monthly remittance reports by the tenth day of the month following the month in which such contributions were earned by the employees' labor."  *Id.*   Coit was aware of these obligations.  *Id.*  Coit is also a party to a Participation Agreement with each of the Trust Funds, which required Coit to "accept and be bound to the terms and provisions" of each of the trusts and to make contributions to each of the trusts "as required by the collective bargaining agreements" with the union.  *Id.* at 4-5.  Coit signed the Participation Agreement as an individual owner of Lone Star.  *Id.* at 5

Pursuant to the terms of the agreements with each of the trusts, "an employer who fails to make timely reports and contributions is responsible for liquidated damages and/or interest in the following amounts:"

> (a) Liquidated Damages
> (1) For the late filing of reports: 5% of the amount of the contribution covered by the report, per month or fraction thereof, and
> (2) For late payment of contributions: 1.5% per month or fraction thereof, not to exceed 50 months, except that for the first five months of concurrent late reporting and also late payment, this 1.5% shall be deemed to be included in the 5% in (1) above, and
> (3) The total amount of liquidated damages owed by an Employer shall be an amount equal to the greater of
> (i) interest (as defined in (b) below) on the unpaid contributions; or
> (ii) the amount of liquidated damages as provided for in (a) above; but
> (iii) in no case however, will the amount of liquidated damages exceed 20% of the amount of unpaid contributions owed by an Employer.
> (b) Interest: For late payment of contributions, interest at the rate of 1.0% per month on all delinquent contributions until paid. Interest shall be calculated on a daily basis and shall be payable monthly.

*Id.*; see *also* Doc. # 12-2, 12-3, 12-4 (the Trust Fund Agreements). Coit failed to make contributions to the Trust Funds as required by the terms of the agreements. *Id.* at 6. Coit's failure to make employer contributions is a violation of Section 515 of ERISA, 29 U.S.C. § 1145. *Id.* On December 18, 2008, the Trust Funds obtained a default judgment against Lone Star Development Corporation in United States District Court for the Southern District of Ohio which awarded the Trust Funds $86,685.89 in damages for failure to pay required contributions. *Id.* at 7.

Lone Star Development Corporation and Lone Star, the sole proprietorship which Coit now operates, "were the same business enterprise with a unity of interest and purpose." *Id.* The two businesses "shared common officers, directors, management and supervision," had the same labor policies, and shared the same premises, facilities, and equipment. *Id.* The two businesses were "subsidiaries of, or in joint ventures with each other" and were "dominated and/or controlled by [] Coit." *Id.* "Coit carried on the business of the company through the sole proprietorship, retaining the same name, assets, facilities, and employees" as the corporation. *Id.* Functionally, the two businesses were a "single integrated business enterprise and were alter egos of each other." *Id.* Coit is the sole proprietor of Lone Star and is therefore "an alter ego and joint employer of the . . . Corporation." *Id.* at 8.

The Trust Funds seek damages for breach of the bargaining agreement, breach of the trust agreements, violation of ERISA, and "for alter ego violations establishing liability for" Coit on the prior default judgment against Lone Star Development Corporation in the Souther District of Ohio. *Id.* at 8-11. The Trust Funds also seek "reasonable attorney's fees and costs of suit" pursuant to 29 U.S.C. § 1132(g)(2)(D).

## ANALYSIS

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the court may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ.

P. 55(b)(2). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted).

"Plaintiff is required to prove all damages sought in the complaint. In addition, '[a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint].' In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing. . . . If proximate cause is properly alleged in the complaint, it is admitted upon default. Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citations omitted).

Pursuant to ERISA,

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. In a suit to enforce § 1145, in any action on behalf of a plan where a judgment in favor of the plan is awarded, courts must award the plan "the unpaid contributions," "interest on the unpaid contributions," "an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20%," "reasonable attorney's fees and costs of the action," and "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2).

Pursuant to the LMRA, "any labor organization which represents employees" may sue on behalf of the employees it represents for violations of labor agreements "in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185.

Under California law, "[o]rdinarily, a corporation is regarded as a legal entity separate and distinct from its stockholders, officers and directors. *Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 993 (1995).

> Under the alter ego doctrine, however, where a corporation is used by an individual or individuals, or by another corporation, to perpetrate fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose,

1    a court may disregard the corporate entity and treat the corporation's acts as if
2    they were done by the persons actually controlling the corporation.

3    *Id.*  California courts apply the alter ego doctrine where "(1) there is such a unity of interest

4    and ownership between the corporation and the individual . . . controlling it that their separate

5    personalities no longer exist, and (2) failure to disregard the corporate entity would sanction

6    a fraud or promote injustice."  *Id.*  (citing *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300

7    (1985)).  In applying this test, the Court must determine "whether in the particular case

8    presented, justice and equity can best be accomplished and fraud and unfairness defeated by

9    disregarding the distinct entity of the corporate form."  *Id.*

10    The Trust Funds demonstrated that Coit has been duly served and has not filed a

11    responsive pleading.  The Clerk of the Court has entered default.  The factual allegations of

12    the complaint are sufficient to sustain the causes of action alleged in the complaint.  In light

13    of the foregoing, the Court concludes that the Trust Funds are entitled to default judgment

14    against Coit.

15    To establish damages, the Trust Funds submitted the Declaration of Peggy Gotthard,

16    an employee of the Trust Funds who is "responsible for monitoring employer contributions to

17    the Trust Funds . . . ."  (Doc. # 12-1 at 21).  Gotthard states that she reviewed the Trust Funds'

18    records and determined that Lone Star Development owes the Trust Funds $86,390.11 in

19    contributions, interest, and liquidated damages.  *Id.* at 28.  Along with Gotthard's declaration,

20    the Trust Funds submitted the agreements for the Benefit Trust (Doc. # 12-2), the Pension

21    Trust (Doc. # 12-3), and the Annuity Trust (Doc. # 12-4), the Participation Agreement signed

22    by Frank M. Coit as an "Individual Owner[]" of Lone Star (Doc. # 12-5), the Iron Workers

23    District Council of Southern Ohio & Vicinity Benefit Trust/Pension Trust/Annuity Trust

24    Contribution Rate Schedule (Doc. # 12-6), the collective bargaining agreement (Doc. # 12-7),

25    and the Default Judgment against Lone Star Development Corporation from the Southern

26    District of Ohio (Doc. # 12-8).  Based on this evidence, the Court finds that the Trust Funds

27    have established that they are entitled to $86,390.11 in damages for contributions, interest, and

28    liquidated damages by a preponderance of the evidence.

1   In support of its request for $3,700.00 in "reasonable attorney's fees and costs of the

2   action" pursuant to ERISA, the Trust Funds submitted the declaration of Laurie K. Traktman,

3   who represents the Trust Funds in this matter.  (Doc. # 12-1 at 30).  Traktman states she

4   charges a rate of $185.00 per hour for her services, which is similar to the rate charged by other

5   attorneys in Southern California.  *Id.*  Traktman states she spent 2 hours reviewing the

6   documents provided by the Trust Funds, 3 hours researching alter-ego and ERISA claims, five

7   hours drafting the complaint, 1.5 hours researching default judgment and ERISA violations,

8   and 8.5 hours drafting the Motion for Default Judgment.  *Id.*  Traktman states that the costs of

9   the suit are $500.00 for "the filing fee, service of process, messenger costs, and costs of

10  document reproduction."  *Id.*   Based on this evidence, the Court finds that the Trust Funds

11  have established by a preponderance of the evidence that they are entitled to $3,700.00 in

12  attorney's fees and $500.00 in costs.

13  **CONCLUSION**

14      IT IS HEREBY ORDERED that Plaintiffs' Motion for Default Judgment is

15  **GRANTED**.  Plaintiffs are entitled to  $86,390.11 in damages for contributions, interest, and

16  liquidated damages, $3,700.00 in attorney's fees, and $500.00 in costs.  No later than **fourteen**

17  **(14) days** from the date of this Order, Plaintiff shall email a proposed judgment consistent with

18  this Order in WordPerfect or Word format to efile_hayes@casd.uscourts.gov.

19  DATED:  July 28, 2010

20  **WILLIAM Q. HAYES**
21  United States District Judge

- 7 -