# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO AND VICINITY BENEFIT TRUST; IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO AND VICINITY PENSION TRUST; IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO AND VICINITY ANNUITY TRUST,<br><br>                            Plaintiffs,<br>vs.<br>FRANK MICHAEL COIT, an individual and doing business as Lone Star Development,<br><br>                            Defendant. | CASE NO. 09cv2071 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is Plaintiff's Ex Parte Application for an Order Correcting Amended Order on Default Judgment Entered July 28, 2010. (Doc. # 15).

## BACKGROUND

      On September 22, 2009, Plaintiffs Iron Workers District Council of Southern Ohio and Vicinity Benefit Trust, Iron Workers District Council of Southern Ohio and Vicinity Pension Trust, and Iron Workers District Council of Southern Ohio and Vicinity Annuity Trust (collectively the "Trust Funds") initiated this action by filing their complaint. (Doc. # 1). The complaint alleges Defendant Frank Michael Coit, doing business as Lone Star Development ("Lone Star"), failed to pay contributions to Plaintiffs pursuant to three Trust Agreements. *Id.*

at 2-3. The complaint alleges Coit and Lone Star Development, formerly a corporation, are alter-egos of one another and that Coit is therefore liable for the business's failure to pay these contributions. *Id.* at 8-9. The complaint alleges four claims: (1) breach of a collective bargaining agreement with Iron Workers Local 22, which required Coit to adhere to the Trust Agreements with Plaintiffs; (2) breach of the Trust Agreements; (3) violation of the Employee Retirement Income Security Act ("ERISA"); and (4) "damages for alter ego violations establishing liability for Defendant." *Id.* at 9-11. Plaintiffs seek $86,685.89 in actual damages for Defendant's failure to pay the trust fund, liquidated damages, interest, in addition to attorney's fees and costs. *Id.* at 12. On October 7, 2009, the Trust Funds served Coit. (Doc. # 4 at 2). Coit failed to file an answer to the complaint. On November 2, 2009, the Trust Funds requested an entry of default. (Doc. # 5). On November 3, 2009, the Clerk of the Court entered default against Coit. (Doc. # 6). On January 26, 2009, the Court issued an Order to Show Cause as to why this case should not be dismissed for failure to timely move for default judgment. (Doc. # 7). The order permitted the Trust Funds to move for default judgment within thirty days. *Id.* at 2.

On February 2, 2010, the Trust Funds filed their first Motion for Default Judgment. (Doc. # 8). On April 27, 2010, the Court denied the motion without prejudice. (Doc. # 11). The Court held that the factual allegations of the complaint were sufficient to sustain the causes of action pleaded in the complaint, but the Trust Funds had failed to establish damages by a preponderance of the evidence because of errors in the calculations presented to the Court and failure to provide sufficient evidence of attorney's fees. *Id.* at 6. The Court allowed the Trust Funds to file an amended Motion for Default Judgment within thirty days. *Id.* at 7.

On May 24, 2010, the Trust Funds filed their second Motion for Default Judgment. (Doc. # 12). On July 28, 2010, the Court granted the Trust Funds' second Motion for Default Judgment and awarded $86,390.11 in damages. (Doc. # 13). Due to a typographical error, the Court issued an amended order the same day. (Doc. # 14). On August 3, 2010, the Trust Funds filed their Ex Parte Application for an Order Correcting Amended Order on Default Judgment Entered July 28, 2010. (Doc. # 15).

# ANALYSIS

The Trust Funds contend that this Court "inadvertently excluded the amount of liquidate damages ($7,628.90) and interest" ($1,245.52)" from the total amount of damages the Court awarded despite ruling that the Trust Funds are entitled to liquidated damages and interest. (Doc. # 15 at 1). The Trust Funds contend the total amount of damages the Court should have awarded was $99,518.53. *Id.*

Although the Trust Funds now assert they moved for $99,518.53 in damages, their second Motion for Default Judgment states: "[t]he *total amount owed* to the Trust Funds in unpaid contributions, *liquidated damages and interest* is $86,390.11." (Doc. # 12-1 at 8) (emphasis added). The Court already awarded the Trust Funds $7,628.90 in liquidated damages and $1245.52 in interest. These figures were included in the total damages award of $86,390.11. *See* Declaration of Peggy Gotthard, ¶¶ 29-32.

The evidence the Trust Funds presented established that Defendant owes the Benefit Trust $29,160.48 in employer contributions, $2,916.04 in liquidated damages, and $583.20 in interest; owes the Pension Trust $31,347.61 in employer contributions, $3,134.75 in liquidated damages, and $331.16 in interest; and owes the Annuity Trust $16,953.60 in employer contributions, $1,632.11 in liquidated damages, and $331.16 in interest. Adding these figures establishes that Defendant owes $77,461.69 in employer contributions, not $86,390.11 as the Trust Funds now assert. The Court added $7,682.90 in liquidated damages and $1,245.52 in interest to the $77,461 in employer contributions, for a total damages award of $86,390.11.

The following chart shows the damages amounts for each trust fund for each category of damages:

|  | Benefit Trust | Pension Trust | Annuity Trust |  | **Total per category:** |
|---|---|---|---|---|---|
| Employer Contributions | $29,160.48 | $31,347.61 | $16,953.60 |  | $77,461.69 |
| Liquidated Damages | $2,916.04 | $3,134.75 | $1,632.11 |  | $7,682.90 |
| Prejudgment Interest | $583.20 | $331.16 | $331.16 |  | $1,245.52 |
|  |  |  |  |  |  |
| **Total Per Trust Fund**: | $32,659.72 | $34,813.52 | $18,916.87 |  | **Total**: $86,390.11 |

There is no error in the prior order which requires correction.  The Trust Funds' motion is denied.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Ex Parte Application for an Order Correcting Amended Order on Default Judgment Entered July 28, 2010 (Doc. # 15) is **DENIED**.  As the Court's previous order concluded, Plaintiffs are entitled to $86,390.11 in damages for contributions, interest, and liquidated damages, $3,700.00 in attorney's fees, and $500.00 in costs.  No later than **fourteen (14) days** from the date of this Order, Plaintiff shall email a proposed judgment consistent with this Order in WordPerfect or Word format to efile_hayes@casd.uscourts.gov.

DATED: August 10, 2010

**WILLIAM Q. HAYES**
United States District Judge